UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTHONY B. CAPPELLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:14CV506 ACL |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security | ) |
| | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This is an action under 42 U.S.C. § 405(g) for judicial review of Defendant's final decision denying Plaintiff's application for benefits under the Social Security Act. Currently pending is Defendant's Motion to Reverse and Remand. [Doc. # 19] Plaintiff has filed a Reply. [Doc. # 20]

In her motion, Defendant requests that the Court remand this action to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). Defendant states that, after careful review of the above-captioned case, agency counsel requested the Appeals Council of the Social Security Administration to reconsider the Commissioner's decision. Defendant states that, upon receipt of the Court's remand order, the Appeals Council will remand this case to the Administrative Law Judge ("ALJ"), who will be directed to obtain evidence from a vocational expert to determine whether Plaintiff is capable of performing work existing in significant numbers in the national economy rather than using the Medical-Vocational Guidelines found at 20 C.F.R. pt. 404, subpt. P, app. 2.

In his Response, **Plaintiff objects that the scope of the proposed remand is not sufficiently broad to address the errors he alleges in his Complaint.** Specifically, Plaintiff states that he identified four categories of errors in the ALJ's decision: (1) the failure to elicit testimony from a vocational expert; (2) failure to provide a residual functional capacity ("RFC") finding consistent with the other findings, that was explained, and that fully accounted for Plaintiff's mental functional limits; (3) error in the weighing of physician opinions; and (4) error in the assessment of Plaintiff's credibility. Plaintiff states that Defendant's Motion to Remand addresses only one of these four areas of error—the lack of vocational expert evidence. Plaintiff contends that, a remand to the ALJ for merely the receipt of vocational expert testimony, while using identical findings otherwise, would repeat the remaining errors and produce the inefficient result of the need for Plaintiff to return to this Court with the remaining three of four arguments. Plaintiff therefore requests that the Court remand the matter to the ALJ for an entirely new decision. Defendant has replied that upon remand, "Plaintiff will have an opportunity to ask the ALJ for a new hearing and raise any issues he deems necessary." [Doc. # 27 at 1]

Sentence four of 42 U.S.C. § 405(g) states that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." However, in order for the Court to properly remand a case to the Commissioner pursuant to sentence four, the Court must enter an order either affirming, modifying, or reversing the Commissioner's decision. See Brown v. Barnhart, 282 F.3d 580, 581 (8th Cir. 2002).

The Court finds that judicial economy and the interests of justice are best served by reversing and remanding this matter for reconsideration of the issues identified by Defendant and

In his Response, **Plaintiff objects that the scope of the proposed remand is not sufficiently broad to address the errors he alleges in his Complaint.** Specifically, Plaintiff states that he identified four categories of errors in the ALJ's decision: (1) the failure to elicit testimony from a vocational expert; (2) failure to provide a residual functional capacity ("RFC") finding consistent with the other findings, that was explained, and that fully accounted for Plaintiff's mental functional limits; (3) error in the weighing of physician opinions; and (4) error in the assessment of Plaintiff's credibility. Plaintiff states that Defendant's Motion to Remand addresses only one of these four areas of error—the lack of vocational expert evidence. Plaintiff contends that, a remand to the ALJ for merely the receipt of vocational expert testimony, while using identical findings otherwise, would repeat the remaining errors and produce the inefficient result of the need for Plaintiff to return to this Court with the remaining three of four arguments. Plaintiff therefore requests that the Court remand the matter to the ALJ for an entirely new decision. Defendant has replied that upon remand, "Plaintiff will have an opportunity to ask the ALJ for a new hearing and raise any issues he deems necessary." [Doc. # 27 at 1]

Sentence four of 42 U.S.C. § 405(g) states that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." However, in order for the Court to properly remand a case to the Commissioner pursuant to sentence four, the Court must enter an order either affirming, modifying, or reversing the Commissioner's decision. See Brown v. Barnhart, 282 F.3d 580, 581 (8th Cir. 2002).

The Court finds that judicial economy and the interests of justice are best served by reversing and remanding this matter for reconsideration of the issues identified by Defendant and

Plaintiff. On remand, the ALJ should ensure that her entire decision complies with the relevant regulations.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Reverse and Remand [Doc. # 19] is **GRANTED**.

**IT IS FURTHER ORDERED that** the decision of the Commissioner be **reversed** and this cause be **remanded** to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) for those reasons set forth in this Memorandum and Order. A separate written Judgment will be entered in favor of the Plaintiff and against the Defendant.

                                             ABBIE CRITES-LEONI
                                             UNITED STATES MAGISTRATE JUDGE

Dated this 16th day of October, 2014.